UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────

United States of America,

        - against -

Jemal Simmons,

              Defendant.
─────────────────────────────

05 Cr. 1049 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

    Jemal Simmons ("the defendant"), appearing pro se, moves
for a writ of error coram nobis and/or audita querela to vacate
his conviction and sentence.  He also seeks early termination of
his eight-year term of mandatory supervised release, pursuant to
18 U.S.C. § 3583(e)(1).

I.

    On January 5, 1996, in the United States District Court for
the District of Maine, the defendant pleaded guilty to one count
of conspiracy to distribute and possess with intent to
distribute five grams or more of a mixture or substance
containing cocaine base, in violation of 21 U.S.C. § 846, and to
one count of the substantive charge of distributing and
possessing the same, in violation of 21 U.S.C. §§ 841(a)(1),
(b)(1)(B).  (Govt.'s Mem. of Law in Opp'n to Respt's Mots.
("Govt. Mem.") Ex. C.)  On April 2, 1996, the defendant was
sentenced, under the then applicable Sentencing Guidelines, to

135 months of imprisonment and eight years of mandatory supervised release on both counts to be served concurrently. (Govt. Mem. Ex. E.)

The defendant appealed the district court's sentencing determination to the Court of Appeals for the First Circuit, arguing that the district court should have given fuller consideration to the defendant's alleged cooperation with the government and challenging the constitutionality of the Sentencing Guidelines' disparate treatment of crimes involving crack cocaine as compared to crimes involving powder cocaine. The Court of Appeals summarily affirmed the defendant's sentence. United States v. Jemal Simmons, 92 F.3d 1169 (1st Cir. 1996) (table).

On August 18, 1997, the defendant filed a petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. (Govt. Mem. Ex. G.)  The defendant claimed that his trial counsel failed to hold the government to its burden of proof at sentencing by not requiring the government to prove that the type of cocaine distributed by the defendant was in fact crack. (Govt. Mem. Ex. G.)  On November 10, 1997, Magistrate Judge David M. Cohen, of the United States District Court for the District of Maine, recommended that the defendant's motion be denied without an evidentiary hearing.  (Govt. Mem. Ex. H.)  On

2

December 2, 1997, Judge D. Brock Hornby, of the United States
District Court for the District of Maine, adopted the Magistrate
Judge's recommended decision and denied the defendant's motion.
(Govt. Mem. Ex. I.)

The defendant was released from the Federal Bureau of
Prisons on July 22, 2005, and began serving his eight-year term
of mandatory supervised release.  On or about October 4, 2005,
this matter was transferred to this Court from the District of
Maine.  On or about October 14, 2008, the defendant filed a
motion before this Court for early termination of his term of
mandatory supervised release, pursuant to 18 U.S.C. §
3583(e)(1).  On or about January 28, 2009, the defendant further
moved to vacate his conviction through a writ of error coram
nobis or audita querela, pursuant to the All Writs Act, 28
U.S.C. § 1651.

In his motion for a writ of error coram nobis and/or audita
querela, the defendant seeks to withdraw his guilty plea and
vacate his conviction and sentence.  The defendant contends that
the government failed to file an information of previous
conviction prior to his plea allocution, and consequently, the
district court was deprived of jurisdiction, under 21 U.S.C. §
851(a)(1), to impose an enhanced sentence.  (Def.'s Mot. to
Vacate, 1-2.)  The defendant also argues that the district court
failed to provide the defendant with notice of its intent to

3

sentence the defendant outside the Guideline Sentencing range.
(Id.)

## II.

### A.

The All Writs Act provides that "[t]he Supreme Court and
all courts established by Act of Congress may issue all writs
necessary or appropriate in aid of their respective
jurisdictions and agreeable to the usages and principles of
law."  28 U.S.C. § 1651(a).  However, as the Supreme Court has
instructed, "[t]he All Writs Act is a residual source of
authority to issue writs that are not otherwise covered by
statute.  Where a statute specifically addresses the particular
issue at hand, it is that authority, and not the All Writs Act,
that is controlling."  Carlisle v. United States, 517 U.S. 416,
429 (1996) (quoting Pa. Bureau of Corr. v. United Sates Marshals
Servs., 447 U.S. 34, 43 (1985)).

The writs of error coram nobis and audita querela are
"ancient" common law writs, Triestman v. United States, 124 F.3d
361, 380 n.24 (2d Cir. 1997), which "remain available in very
limited circumstances with respect to criminal convictions."
United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995).
"[B]oth writs are only available where a prisoner has a legal
challenge to his conviction that is not redressable pursuant to
a statutory post-conviction remedy," such as 28 U.S.C. § 2255.

United States v. LaPorta, 20 F. Supp. 2d 530, 533 (W.D.N.Y. 1998).

The writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."  United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (quoting La Plante, 57 F.3d at 253); see also United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (The writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current system of post-conviction relief.").

In his motion for a writ of audita querela and/or coram nobis, the defendant seeks to vacate his conviction and sentence.  He contends that the district court was precluded from increasing the defendant's sentence on the basis of his prior convictions because the government failed to serve a copy of the information of previous convictions on the defendant and that the sentencing court improperly sentenced the defendant to a term outside the Guideline Sentencing Range.  The defendant did not raise these arguments on direct appeal or in his section 2255 petition.

A writ of audita querela is only granted when no other post-conviction remedy is available; the arguments that the

defendant raises regarding his sentencing could have been pursued in a section 2255 petition and therefore are impermissible in a writ of audita querela.  See Blumenberg v. United States, Nos. 05 Civ. 9416, 01 Cr. 571, 2009 WL 3459185, at *2 (S.D.N.Y. Oct. 27, 2009) (denying writ of audit querela because the petitioner's claim that his guilty plea was involuntary should have been raised in the petitioner's section 2255 motion) (collecting cases).

The defendant's requested relief is also impermissible in the form of a writ of error coram nobis.  A writ of error coram nobis is available under the All Writs Act as a "remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998). The defendant in this case is still serving his term of mandatory supervised release which is considered a form of "custody."  See Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994); see also Grant v. Keysor, No. 07 Civ. 9656, 2008 WL 5501207, at *2 (S.D.N.Y. Sept. 5, 2008) ("Actual physical confinement is not required to satisfy the "in custody" requirement.").  Accordingly, the writs of error coram nobis and/or audita querela are unavailable.

B.

The defendant cannot seek relief under 28 U.S.C. § 2241 either.  A criminal defendant seeking federal habeas relief is limited to 28 U.S.C. § 2255 unless the defendant can "show that a motion pursuant to that section is inadequate or ineffective to test the legality of his detention," in which case the habeas petition can be made under 28 U.S.C. § 2241.  Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003) (internal quotation marks omitted).  A motion is "inadequate" or "ineffective" when the defendant is precluded from using section 2255, "and in which the failure to allow for collateral review would raise serious constitutional questions."  Triestman, 124 F.3d at 377.

The Court of Appeals for the Second Circuit has only recognized one instance that would raise such serious constitutional questions: "cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'"  Cephas, 124 F.3d at 104 (quoting Triestman, 124 F.3d at 363) (alterations in original); see also Bridges v. United States, 09 Civ. 5753, 2010 WL 743030, at *4 (S.D.N.Y. March 4, 2010).  Although the defendant is precluded from seeking additional relief under 28 section 2255 because he has already applied for and been denied relief under that section, and any such petition would be time-barred, see 28 U.S.C. §

2255(e) and (f), the defendant does not claim he is innocent and therefore section 2241 is unavailable.

                              C.

     In any event, each of the defendant's claims lacks merit. The defendant argues that the government failed to serve a copy of the information of previous convictions on the defendant prior to the plea allocution.  The record of the plea allocution demonstrates both that the defendant was aware that the government filed the information of previous convictions and the consequences that the filed information would have on his sentence.  (See Govt. Mem. Ex. C, 5-7.)  Indeed the district court judge presiding at the plea allocution, twice, explained to the defendant the enhanced sentence that the defendant would be subject to as a result of the filed information.  (Id.) Given the record of the plea allocution, it is clear that the defendant made an informed guilty plea.

     The defendant's second argument, that the district court failed to provide the defendant with notice of its intention to impose a sentence outside of the Guidelines Sentencing Range, is also without merit because the district court imposed a sentence within the then applicable Guidelines Sentencing Range.

                             III.

                              A.

8

The defendant also moves, pursuant to 18 U.S.C. § 3583(e),
for early termination of the eight-year term of mandatory
supervised release that he is currently serving.  Section
3583(e) authorizes federal courts to terminate "a term of
supervised release and discharge the defendant . . . at any time
after the expiration of one year of supervised release" if the
Court is satisfied, upon consideration of certain statutorily
prescribed factors, "that such action is warranted by the
conduct of the defendant released and the interest of justice."
Id. at § 3583(e)(1).[1]  The Court must consider the factors
enumerated in section 3553(a)(1), (a)(2)(B), (a)(2) (C),
(a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  "These factors
address 'general punishment issues such as deterrence, public
safety, rehabilitation, proportionality, and consistency.'"
United States v. Harris, 689 F. Supp. 2d 692, 694 (S.D.N.Y.
2010) (quoting United States v. Lussier, 104 F.3d 32, 35 (2d
Cir. 1997).  Early termination of supervised release is a
"discretionary decision" and is "not warranted as a matter of
course; on the contrary, it is only 'occasionally' justified due

---

[1] The Court will assume for purposes of the defendant's motion that it has the
authority to terminate the defendant's term of supervised release because he
has served at least one year even though the original term of eight years was
a statutory mandatory minimum term.  See United States v. Vargas, 564 F.3d
618, 623 n.3 (2d Cir. 2009) (assuming without deciding that mandatory
supervised release can be terminated under section 3583(e)(1)); see also
United States v. Spinelle, 41 F.3d 1056, 1060 (6th Cir. 1994) (finding that
mandatory supervised release can be terminated under section 3583(e)(1) after
the defendant has served at least one year of the mandatory supervised
release).  The Government concedes that the Court has the discretion to
terminate the defendant's supervised release.  (Gov't July 6, 2010, letter).

to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" <u>United States v. Sheckley</u>, No. 96-1786, 1997 WL 701370, at *1 (2d Cir. Nov. 10, 1997) (summary order) (quoting <u>Lussier</u>, 104 F.3d at 36).

After careful consideration of the relevant factors and the defendant's arguments, it is plain that the defendant's conduct and the interest of justice do not warrant early termination of the defendant's term of mandatory supervised release.

B.

The defendant argues that the Court should terminate his term of mandatory supervised release because the defendant was incarcerated for a longer period of time than he would have been had he been sentenced under the amended Guidelines. Using the Sentencing Guidelines in effect at the time of sentence, Judge Hornby sentenced the defendant to 135 months of imprisonment, a term that was within the then applicable Guideline range of 120 to 150 months. The Guidelines were amended, effective November 1, 2007, to reduce the offense level for crack cocaine offenses by two levels. <u>See</u> U.S.S.G. app. C, amend. 706. That amendment was made retroactive so that it could be applied to any defendant who was still serving a term of imprisonment.[2] <u>See</u> <u>Id.</u>, amend. 713. If the defendant were still serving his

---

[2] The Guideline for crack cocaine offenses has been further reduced by the Sentencing Guidelines effective November 1, 2010, but there is no indication that the Sentencing Commission made those amendments retroactive.

10

sentence of imprisonment, he would be eligible for a reduction in his sentence because of the intervening Guideline amendments reducing the applicable Guideline sentencing range for crack offenses. See 18 U.S.C. § 3582(c). However, because the defendant served his entire term of incarceration, this Court cannot reduce his term of imprisonment. See U.S.S.G. § 1B1.10(b)(2)(c) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

The defendant correctly points out that in a situation like this, where the Court is precluded from reducing the defendant's prison term, the Sentencing Commission considers relevant to "any motion for early termination of a term of supervised release," the extent to which any reduction "would have [otherwise] been appropriate as a result of the amended guideline range." Id. at § 1B1.10, app. n.4(B). However, the Sentencing Commission cautions that "the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range . . . shall not, without more, provide a basis for early termination of supervised release." Id. Instead, the Court should consider the "totality of circumstances relevant to a decision to terminate supervised release," which includes the

term of supervised release that would have been applicable under the amended guideline range.   Id.

The Guidelines, effective November 1, 2007, reduced the offense level for crack cocaine offenses by two levels.  The defendant, however, was still subject to a mandatory minimum sentence of ten years imprisonment.[3]  The defendant's original offense level, as calculated by Judge Hornby, after affording credit for acceptance of responsibility was 27, with a criminal history category of V, and a Guideline Sentencing range of 120-150 months.  The amended Guidelines would have indicated an offense category of 25, a criminal history category of V, and a Guideline Sentencing range, given the mandatory minimum, of 120-125 months.[4]  The defendant, thus, would have faced a lower Guideline Sentencing range.  Moreover, because the District Court imposed a sentence of 135 months, which was in the mid-range of the then applicable Guideline Sentencing range, it is likely that the defendant would have faced a reduced term of imprisonment.  However, the term could have only been reduced by 15 months to 120 months, the statutory mandatory minimum.  While

---

[3] The mandatory minimum sentences for crack offenses have recently been reduced under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.  However, these amendments to the mandatory minimum sentence do not apply retroactively, and for purposes of determining mandatory minimum sentences, the Court must consider the statutory requirements at the time the offense was committed.  See United States v. Glover, No. 09-1725-cr., 2010 WL 4250060, at *2 (2d Cir. Oct. 27, 2010) (summary order).

[4] Under the Guidelines that became effective on November 1, 2010, the Guidelines for crack offenses were reduced still further.  As indicated above, however, there is no indication that that the Sentencing Commission made the amended Guidelines retroactive.

this possible reduction in the sentence of imprisonment is relevant, it alone does "not . . . provide a basis for early termination" under the Guidelines.  U.S.S.G. § 1B1.10, app. n.4(B).[5]

It is plain, however, that the defendant has not complied with the conditions of his supervised release and is in need of continuing supervision.  On April 27, 2010, the defendant agreed to modify the terms of his supervised release to include participation in mental health counseling as directed by the Probation Department.  The Court approved this modification on May 6, 2009.  This followed a Probation Department report that described the defendant's adjustment to supervision as "marginal."  It included reports that the defendant had traveled outside the jurisdiction without permission and without reporting the travel.  Thereafter, on July 17, 2009, the defendant was charged with seven specifications for violations of supervised release including violations of state law, failing to report an arrest to the Probation Department, and failure to file reports with the Probation Department.  On August 5, 2009, the defendant consented to an additional modification to the terms of his supervised release—a curfew restricting the

---

[5] The eight year term of supervised release could not have been changed because it was a mandatory minimum term.  The Court of Appeals held in Glover that the Fair Sentencing Act does not apply retroactively to terms of imprisonment, and there is no reason to believe that the Court will reach a different result regarding terms of supervised release.

defendant to his place of residence during the evening hours for a period of six months.  On August 11, 2009, the Court modified the conditions of supervision, as agreed, and vacated the pending specifications.

To date, the defendant's conduct on supervised release has been far from the exceptional conduct typically warranting early termination.  See, e.g., Harris, 689 F. Supp. 2d at 694-95; United States v. Rentas, 573 F. Supp. 2d 801, 802 (S.D.N.Y. 2008).  Rather, the post-release activities of the defendant demonstrate the need to continue the term of mandatory supervised release that was originally imposed on the defendant. See United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); United States v. Brown, No. 88-CR-227, 2008 WL 5095622, *2 (S.D.Cal. Dec. 2, 2008) (denying early termination motion, despite amendments to crack Guidelines, because of the defendant's violations of the terms of his supervised release). Moreover, continuing the defendant's supervised release will not frustrate the mental health treatment the defendant currently receives because the terms of the supervised release incorporate such treatment.  (Prob. Pet., April 30, 2000.)

The defendant does, however, continue to make progress on supervised release.  The defendant maintains steady employment and resides with his mother.  The Probation Department should be

given the opportunity to work with the defendant to further the defendant's rehabilitation.

Accordingly, the Court finds that the defendant's conduct and the interest of justice do not warrant early termination of the defendant's mandatory term of supervised release.  The defendant's motion is therefore denied.

III.

The Court has carefully considered all of the parties' arguments.  To the extent they are not dealt with above, they are either moot or without merit.  For the reasons explained, the defendant's motions to vacate his conviction and for early termination of his mandatory term of supervised release are **denied**.  The petition is therefore **dismissed**.  The Clerk is directed to enter judgment dismissing the petition and closing Docket Nos. 4 and 6.

**SO ORDERED.**

Dated:    New York, New York
          December 1, 2010

John G. Koeltl
United States District Judge

15